# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:01cr31

| | |
|---|---|
| SHONE EDWARD WILKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's letter dated March 1, 2012, in which he challenges the accuracy of the sentence provided in Judge Voorhees's September 25, 2011, Judgment (#155). Petitioner has previously filed a Motion to Vacate under 28 U.S.C. 2255 (#304), which was dismissed by this court on June 19, 2003. See Order (#345). Petitioner has also filed a number of similar motions, all of which have been rejected.

Petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. The court notes that in his last round of motions, the Court of Appeals for the Fourth Circuit specifically advised petitioner of such requirement. United States v. Wilkes, No. 10-

6165, at 3 (4th Cir. May 4, 2010) (Docket Entry #504).

**ORDER**

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's letter of March 1, 2012, deemed to be a successive Petition for a Writ of Habeas Corpus (#538), is **DISMISSED** without prejudice.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 26, 2012

Max O. Cogburn Jr.
United States District Judge